**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILLIAM R. UNDERWOOD,

    Plaintiff,

        v.

JAKE MENDEZ, ET AL.,

    Defendants.

NO. 3:04-CV-1624

(JUDGE CAPUTO)

## <u>MEMORANDUM</u>

Presently before the Court is Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 34), Plaintiff William R. Underwood's Objection to the Magistrate Judge's Recommendations (Doc. 35) and Defendants Jake Mendez, Richard Matlack and R.L. Wolever's Partial Objection to the Report And Recommendation (Doc. 36). Defendants filed a reply to Plaintiff's Objections. (Doc. 37) Magistrate Judge Smyser recommended that Defendants' Motion to Dismiss And For Summary Judgment (Doc. 28) be granted in part and dismiss in part. For the reasons set forth below, the Court will adopt the Report and Recommendation, and the case will be recommitted to Magistrate Judge Smyser for further pre-trial proceedings.

## BACKGROUND

Magistrate Judge Smyser's Report and Recommendation contains a full and complete recitation of the facts concerning the instant matter. (Doc. 34) Consequently, the Court will only briefly set forth those facts salient to the resolution of Plaintiff and Defendants' objections to the Report and Recommendation.

On September 9, 2005, Magistrate Judge Smyser issued a Report and

Recommendation (Doc. 34) on Defendants' Motion to Dismiss and for Summary Judgment (Doc. 28).  In his Report and Recommendation, Magistrate Judge Smyser proposed that Defendants' Motion be granted in part and denied in part.  (*Id.* at 4)  Defendants' Motion asked that the following claims be dismissed and/or summary judgment granted in favor of Defendants: (1) claim that Defendants falsified information on a progress report because Plaintiff has failed to exhaust his administrative remedies; (2) claim that Defendants' transfer of Plaintiff was unconstitutional because the transfer was not based on any constitutional violations and in any event Defendants are entitled to qualified immunity; and (3) claim against former warden Jake Mendez because there was no personal involvement.

Magistrate Judge Smyser recommends that Defendants' motion to dismiss "be denied as to the claim of the [P]laintiff that [D]efendants Mendez and Matlack caused the [P]laintiff to be transferred to another prison in retaliation for the exercise by the [P]laintiff of his right of access to the court.  It is recommended that the [D]efendants' motion to dismiss the complaint otherwise be granted." (*Id.*)   Where Magistrate Judge Smyser denied Defendant's motion to dismiss, he addressed whether summary judgment should be granted in Defendants' favor on some of those issues.  Specifically, Magistrate Judge Smyser ruled that "[P]laintiff did exhaust his administrative remedies on his claims of an unlawful transfer on the basis of racial discrimination and on the basis of unlawful retaliation for the exercise of the right of access to the courts."  (Doc. 34 at 8.)

Both Plaintiff and Defendants filed timely objections.  In his objections, Plaintiff asks the Court to reconsider Magistrate Judge Smyser's recommendation as to (1) Plaintiff's failure to state the materiality of the content of Plaintiff's progress report in relation to his retaliation claim and (2) Plaintiff's failure state a claim of discrimination based upon race

2

upon which relief can be granted.  (Doc.35 at 2-3)  Defendants ask the Court to reconsider Magistrate Judge Smyer's recommendation as to the exhaustion requirement of Plaintiff's claims of conspiracy and falsification of a progress report.   (Doc. 36-1 at 1)  The matter is fully briefed and ripe for disposition.

## STANDARD OF REVIEW

### 1.    Magistrate Judge's Report and Recommendation

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(C)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994).   Uncontested portions of the report may be reviewed at a standard determined by the district court.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7.  At the very least, the Court should review uncontested portions for clear error or manifest injustice.  *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### 2.    Motion to Dismiss: Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of

a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, a court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss. *Id.* The court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions." *Morse v. Lower Marion School District,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The court does not consider whether the plaintiff will ultimately prevail. *See id.* In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred. *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted. *See Gould Electronics v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

**3.      Summary Judgment: Rule 56(c)**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  A fact is material if proof of its existence or non-existence might affect the outcome of the suit under the applicable substantive law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law.  Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one.  *See id.* at 248.   An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party."  *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law.  *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983).  The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the court that "the nonmoving party has failed to make a sufficient showing of an essential element of her case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party.  *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59

(3d Cir. 1988).  Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law.  *See Anderson*, 477 U.S. at 256-257.

The court need not accept mere conclusory allegations or denials taken from the pleadings.  *See Schoch v. First Fidelity Bancorporation*, 912 F.2d 654, 657 (3d Cir. 1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson*, 477 U.S. at 249.

## DISCUSSION

### 1.    Plaintiff's Objections

#### a.    Retaliation Claim

Plaintiff objects to the portion of Magistrate Judge Smyser's Report where he states that Plaintiff "alleges that [D]efendant Matlack signed a progress report containing false statements; however, the materiality of that progress report to the retaliation claim(s) is not stated."  (Doc.35 at 2) (citation omitted)  Magistrate Judge Smyser, however, has recommended that "the motion to dismiss the complaint be denied as to the claim of the [P]laintiff that [D]efendants Mendez and Matlack caused the [P]laintiff to be transferred to another prison in retaliation for the exercise by the [P]laintiff of his right of access to the court."  (*Id.* at 21)  The Court assumes that Plaintiff is objecting because he thought that Magistrate Judge Smyser was recommending that Defendants' Motion be granted as to Defendant Matlack, but it was denied as to the retaliatory transfer claim which would allow

6

evidence on the progress report.  As this is a misunderstanding and the Report comports with the Plaintiff's contention, this objection will be considered moot.

### b.   Racially Discriminatory Transfer

Plaintiff objects to Magistrate Judge Smyser's recommendation that Plaintiff's racially discriminatory transfer claim be dismissed.   (Doc.35 at 3) The Magistrate Judge recommends that this claim be dismissed because Plaintiff failed to state a claim upon which relief could be granted since Plaintiff alleged that he is the only African-American inmate, without any disciplinary report, who was transferred out of the New York region in the middle of litigation in that same area.  (Doc. 34 at 17-18) He further alleges that no other Caucasion or Hispanic inmates were subjected to this standard.  (*Id.*) In his objection, Plaintiff reemphasizes his argument and states that other inmates who had no disciplinary reports were not transferred out whereas Plaintiff was.  (Doc.35 at 3) He concludes that this is evidence of invidious discrimination.  (*Id.*) The Court agrees with the Magistrate Judge that Plaintiff has failed to allege that the Defendants have intentionally discriminated against him because of his race. *Brown v. Sales,* No.97-6118, 1998 U.S. App. LEXIS 1646, at *6 (10th Cir. Feb.4, 1998) (stating that while the constitution protects inmates from invidious racial discrimination, plaintiff must show intent based on race and subjective belief alone is insufficient.)   The Court, therefore, will adopt Magistrate Judge's Report and Recommendation.

### 2.   Defendants' Objection: Exhaustion of State Administrative Remedies

Defendants filed a Partial Objection to the Report and Recommendation (Doc. 36-1) requesting that the Court reject a portion of Magistrate Judge's Report and

Recommendation.  They argue that  Plaintiff is required to exhaust administrative remedies

regarding his claims of conspiracy and falsification of a progress report and has failed to do

so  (Doc. 36-1 at 2) under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997*e*(a)

(*Id.* at 6).  Magistrate Judge Smyser stated in his opinion that:

> The [P]laintiff's allegations of conspiracy and of falsified
> progress reports are so integrally related to his claim of a
> wrongful transfer arising from unlawful discrimination and
> retaliatory motives that the necessity of separate
> exhaustion would require far more explanation than the
> [D]efendants have given it. This basis for summary
> judgment or dismissal is without merit.

(Doc. 34 at 8)   Defendants object to this portion of the Report because they argue that in

a suit against individual Defendants, the "only way they can possibly defend themselves

against the Plaintiff's claims is if they know what those claims are."  (Doc.36-1 at 3)  In

support of their argument, Defendants ask "What purpose does the exhaustion requirement

serve if an inmate can merely allege in their grievances that they were transferred in

retaliation for filing legal claims, without also requiring the inmate to set forth sufficient facts

indicating retaliation?"  (*Id.*)

     The Court believes that Plaintiff has sufficiently exhausted his remedies as to the

retaliation claim against Defendants.  Defendants agree that Plaintiff has exhausted his

retaliation claim.   (Doc.29-1 at 11) (stating "BOP records indicate that Underwood

exhausted his administrative remedies with regard to his claim that this transfer was racially

motivated and retaliatory." )  As Defendants themselves acknowledge in their objection,

proof of what is in the progress report and who was part of the retaliatory transfer are facts

pertinent to the claim of retaliation.  (Doc.36-1 at 3)

     In *Curry v. Scott,* a claim against one of the defendants for failure to exhaust was

dismissed because the "claim against [defendant] . . . is a separate claim, against a separate individual, premised on a separate and independent legal theory." 249 F.3d 493, 505 (6th Cir. 2001).  The Court of Appeals for the Sixth Circuit reasoned that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Id.* (quoting *Freeman v. Francis,* 196 F.3d 641, 644 (6th Cir. 1999).  Additionally, the Court of Appeals for the Third Circuit has stated that a case should not be dismissed for failure to exhaust against a party where it was clear that the plaintiff's claim implicated that party. *Sprulli v. Gillis,* 372 F.3d 218, 234-35 (3d Cir. 2004) (stating that "[plaintiff's] grievances are not about specific instances . . . [r]ather . . . about a larger-scale denial of adequate medical care, in which prison officials clearly knew [the physician's assistant] was alleged to be implicated.")  In this case before the Court, the retaliatory transfer claim against all Defendants have been exhausted.  All Defendants have been on notice of the retaliatory transfer claim and had a chance to defend themselves.  The additional issues relating to the progress report and conspiracy are just additional factual proofs under this claim.  The Court, therefore, will adopt Magistrate Judge's Report and Recommendation.

### CONCLUSION

After consideration of Magistrate Judge Smyser's Report and Recommendation, the Court will adopt the Report and Recommendation.  An appropriate Order follows.


 March 31, 2006                                          /s/ A. Richard Caputo
Date                                                     A. Richard Caputo
                                                         United States District Judge

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

WILLIAM R. UNDERWOOD,

      Plaintiff,

          v.

JAKE MENDEZ, ET AL.,

      Defendants.

NO. 3:04-CV-1624

(JUDGE CAPUTO)

### <u>ORDER</u>

**NOW**, this 31ˢᵗ day of March, 2006, upon review of Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 34) for clear error or manifest injustice, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Objections to Magistrate Judge's Report and Recommendation (Doc. 35) are **OVERRULED**.

(2) Defendants' Partial Objection to Magistrate Judge's Report and Recommendation (Doc. 36) is **OVERRULED.**

(3) The Report and Recommendation (Doc. 34) is **ADOPTED**.

(4) The case is recommitted to the Magistrate Judge for further pre-trial proceedings.

          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge