UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM R. UNDERWOOD,         :    CIVIL NO. **3:04-CV-1624**
                              :
        Plaintiff             :    (Judge Caputo)
                              :
    v.                        :    (Magistrate Judge Smyser)
                              :
JAKE MENDEZ, *Warden,*        :
*USP Allenwood;* and          :
RICHARD MATLACK, *Case*       :
*Manager, Honor Dorm;*        :
                              :
        Defendants            :


### **REPORT AND RECOMMENDATION**


    The plaintiff, a prisoner proceeding *pro se*, commenced this action in the United States District Court for the District of Columbia.  The case was transferred to this court on July 23, 2004.


    On November 3, 2004, the plaintiff filed a second amended complaint.  The plaintiff named three defendants in the second amended complaint: 1) Jake Mendez, the Warden at the United States Penitentiary at Allenwood (USP Allenwood); 2) Richard Matlack, a case manager at USP Allenwood; and 3) R.L. Wolever, a unit manager at USP Allenwood.  The plaintiff

claims that the defendants transferred him from USP Allenwood in retaliation for the exercise of his right of access to the courts and with the intention of interfering with his right of access to the courts.  The plaintiff also claimed that the transfer was racially motivated.

On June 20, 2005, the defendants filed a motion to dismiss and for summary judgment.  By a Report and Recommendation dated September 9, 2005, it was recommended that the defendants' motion to dismiss the complaint be denied as to the claim that defendants Mendez and Matlack caused the plaintiff to be transferred to another prison in retaliation for the exercise by the plaintiff of his right of access to the court and that the defendants' motion to dismiss the complaint otherwise be granted.  By an Order dated March 31, 2006, Judge Caputo adopted the Report and Recommendation of September 9, 2005 and remanded the case to the undersigned for further proceedings.

The only remaining claim is the plaintiff's claim against defendants Mendez and Matlack that he was transferred from USP Allenwood to the United States Penitentiary at Lee,

Virginia (USP-Lee) in retaliation for the exercise of his right of access to the courts.

On May 10, 2006, the defendants filed an answer to the plaintiff's second amended complaint.

On June 1, 2006, the defendants filed a motion for summary judgment, a statement of material facts and a brief and documents in support of their motion for summary judgment. After being ordered to do so, on July 27, 2006, the plaintiff filed a brief and documents in opposition to the defendants' motion for summary judgment. The defendants have not filed a reply brief.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, though the non-moving party must make a showing sufficient to establish the existence of each element

3

of his case on which he will bear the burden of proof at trial." *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

"A factual dispute is material if it bears on an essential element of the plaintiff's claim, and is genuine if a reasonable jury could find in favor of the nonmoving party." *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 580 (3d Cir. 2003). In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988). "Our function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Federal Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003).

The following facts are not in dispute for purposes of the defendants' motion for summary judgment.

The plaintiff arrived at USP Allenwood on March 11, 2006. *Defendants' Statement of Material Facts at ¶1.* On

4

April 11, 2002, a Request for Transfer form, addressed to the Northeast Regional Director of the Bureau of Prisons (BOP), recommended that the plaintiff be transferred to USP Lee as a Code 317 transfer. *Id. at ¶2.* The following reason for the transfer request was given:

> Inmate Underwood has remained at this facility since March of 1996. A transfer to USP Lee, Virginia, would help alleviate the popultion pressures at this facility. Therefore, the Unit Team refers this subject to your office for consideration of a Relieve Overcrowding Transfer.

*Id. at ¶3.*

The transfer request was approved by the BOP's Northeaast Regional Office, but only as a Code 318 transfer to increase population at another facility. *Id. at ¶4.* At that time, USP Lee was a new facility in Pennington Gap, Virginia, which began to accept re-designations in February of 2002. *Id. at ¶5.* A transfer order was issued on April 22, 2002, ordering that the plaintiff be transferred from USP Allenwood to UPS Lee. *Id. at ¶6.* The order lists the reason for the transfer as "Increase Population" under Transfer Code 318. *Id. at ¶7.*

The plaintiff claims that his transfer to USP Lee was in retaliation for his legal acitivity.

Retaliation for the exercise of First Amendment rights is a constitutional violation. *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990)("Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983.").

A prisoner claiming that prison officials have retaliated against him for exercising his constitutional rights must prove that: 1) the conduct of which he was engaged was constitutionally protected; 2) he suffered "adverse action" at the hands of prison officials; and 3) his constitutionally protected conduct was a substantial or motivating factor in the decision of the defendants. *Carter v. McGrady,* 292 F.3d 152, 158 (3d Cir. 2002). "Once a prisoner has made his *prima facie* case, the burden shifts to the defendant to prove by a preponderance of the evidence that it 'would have made the same decision absent the protected conduct for reasons reasonably related to

6

penological interest.'" *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 334 (3rd Cir. 2001)).

For purposes of the instant motion for summary judgment, the defendants do not dispute that the plaintiff can establish a *prima facie* case of retaliation. They argue, however, that even assuming *arguendo* that the plaintiff has established a *prima facie* case of retaliation, they are entitled to summary judgment because absent the plaintiff's constitutionally-protected conduct he still would have been transferred for legitimate penological reasons, i.e. to alleviate overcrowding at USP Allenwood and to increase the population at USP Lee.

In support of their argument, the defendants present evidence regarding the number of inmates transferred from USP Allenwood from February 2002 through May 2002. The defendants indicate that to relieve overcrowding problems at USP Allenwood, 40 inmates were transferred to other institutions in February of 2002, 68 inmates were transferred to other institutions in March of 2002, 92 inmates were transferred to other institutions in April of 2002, and 24 inmates were transferred to other institutions in May of

7

2002. *Defendants' Statement of Material Facts at ¶8.* The defendants further indicate that 25 inmates were transferred from USP Allenwood to USP Lee in March of 2002, that 28 inmates were transferred from USP Allenwood to USP Lee in April of 2002, and that 4 inmates were transferred from USP Allenwood to USP Lee in May of 2002. *Id. at ¶9.* The defendants also indicate that 11 inmates were transferred from USP Allenwood to institutions other than USP Lee to relieve overcrowding at USP Allenwood in March of 2002, that 11 inmates were transferred from USP Allenwood to institutions other than USP Lee to relieve overcrowding at USP Allenwood in April of 2002, and that 1 inmate was transferred from USP Allenwood to an institution other than USP Lee to relieve overcrowding at USP Allenwood in May of 2002. *Id. at ¶10.*[1]

---

1. The defendants numbers do not appear to add up. For example, for April of 2002, the defendants make three assertions: 1) that to relieve overcrowding problems at USP Allenwood, 92 inmates were transferred to other institutions, 2) that 28 inmates were transferred from USP Allenwood to USP Lee, and 3) that 11 inmates were transferred from USP Allenwood to institutions other than USP Lee to relieve overcrowding at USP Allenwood. The 28 inmates (assertion #2) transferred to USP Lee and the 11 inmates (assertion #3) transferred to institutions other than USP Lee do not equal the 92 inmates (assertion #1) that were purportedly transferred from USP Allenwood to other institutions.

The plaintiff disputes that there was an overcrowding problem at USP-Allenwood at the time of his transfer.

The plaintiff has presented a declaration from inmate John Houlihan. Houlihan states that he was housed at USP Allenwood's honor dorm along with the plaintiff in April of 2002. Houlihan states that, after the plaintiff was shipped out of USP Allenwood, over a hundred inmates from Washington D.C. were brought into USP Allenwood.

The plaintiff also refers to a declaration from inmate James Cole. Cole states that in or about June of 2002, USP Allenwood began to bring into the prison population approximately 250 inmates from Sussex, Virginia. He states that the inmates were brought in at a rate of 50 inmates every two to threes weeks. Cole states that he was housed in the honor dorm at USP Allenwood at the time of these events.

Prison officials have a legitimate penological interest in reducing prison overcrowding, and prison officials are to be accorded deference in deciding how to reduce overcrowding. Nevertheless, we can not conclude as a matter law that the defendants would have recommended the plaintiff for transfer

9

absent his constitutionally-protected conduct.  Even accepting the defendants' evidence of overcrowding at USP Allenwood, the defendants have not presented any evidence that the plaintiff would have been singled out for transfer absent his protected conduct.  Accordingly, the defendants have failed to carry their burden of establishing that they would have recommended the plaintiff for transfer absent the plaintiff's exercise of his right of access to the courts, and it will be recommended that the defendants' motion for summary judgment be denied.

Based on the foregoing, it is recommended that the defendants' motion (doc. 44) for summary judgment be denied and that the case be listed for trial.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  October 19, 2006.

10