**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM R. UNDERWOOD, | |
| Plaintiff, | NO. 3:04-CV-1624 |
| v. | (JUDGE CAPUTO) |
| JAKE MENDEZ and RICHARD MATLACK, | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

### MEMORANDUM

Presently before the Court is Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 51), and Defendants' Objections to the October 19, 2005 Report and Recommendation (Doc. 52-1).[1] For the reasons set forth below, Defendants' Objections to the Magistrate Judge's Report and Recommendation will be overruled, the Court will adopt the Report and Recommendation, and deny Defendants' motion for summary judgment (Doc. 44).

### BACKGROUND

Plaintiff William R. Underwood began serving his prison term at USP Allenwood on March 11, 1996.[2] On April 11, 2002, a request for transfer form, sent to the Bureau of Prison (BOP)'s regional director, recommended that Underwood be transferred to USP

---

[1] Plaintiff filed no Objection to Magistrate Judge Smyser's Report and Recommendation.

[2] USP Allenwood is located in White Deer, PA, within the federal judicial district of the Middle District of Pennsylvania.

1

Lee, for the stated reason of alleviating overpopulation at USP Allenwood.[3]  Plaintiff filed a complaint against the prison warden and a case manager, Defendants Jake Mendez and Richard Matlack, respectively, alleging that the transfer was retaliatory in nature and in violation of Plaintiff's constitutionally protected right to have access to the courts.  At the time of his transfer, Plaintiff had litigation pending in the Southern District of New York and in the Middle District of Pennsylvania.  Plaintiff alleges that Defendant Matlack made comments about getting rid of Plaintiff because the efforts required of prison personnel to assist Plaintiff with his pending litigation were burdensome.  (Doc. 50 pp. 3-4.)  Further, Plaintiff alleges that after seeing Plaintiff use the legal mailbox several times, Defendant Mendez stated that "everytime I see you, you're going to that legal mail-box.  I'm getting you (sic) ass outta here."  (*Id.* at 4.)

Plaintiff initially filed his complaint in the United States District Court for the District of Columbia on or about January 27, 2003.  By order dated June 24, 2004, the D.C. District Court granted Defendants' motion for a change of venue, and the case was transferred to this Court on July 23, 2004.  (Doc. 1.)  On November 3, 2004, Underwood filed a Second Amended Complaint ("the Complaint") with the Court.  (Doc. 6.)

On June 20, 2005, Defendants filed a motion to dismiss the Complaint and for entry of summary judgment in their favor.  (Doc. 28.)  Magistrate Judge Smyser issued a Report and Recommendation (Doc. 34) on September 9, 2005, in which he recommended denying the Defendants' motion to dismiss.  By order dated March 31, 2006, the Court overruled the objections of both parties and adopted the September 9,

---

[3] USP Lee is located in Pennington Gap, Virginia, within the federal judicial district of the Western District of Virginia.

2005 Report and Recommendation, thereby denying Defendants' motion to dismiss.

Defendants thereafter filed an Answer to the Complaint (Doc. 42) and a motion for summary judgment (Doc. 44).  Briefs in support of and in opposition to this motion were timely filed.  (Docs. 45, 48.)  On October 19, 2006, Magistrate Judge Smyser issued the present Report and Recommendation ("the R&R") (Doc. 51), recommending that Defendants' motion for summary judgment be denied.  Defendants filed an objection to the R&R on November 2, 2006.  (Doc. 52.)  Plaintiff did not file an objection to the R&R.

The summary judgment motion is fully briefed and ripe for disposition.  The Report and Recommendation is likewise ripe for disposition.

**LEGAL STANDARDS**

**A.  Review of a Magistrate Judge's Report and Recommendation**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c)), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984).  In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993).  Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper.  *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D.

Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

### B. Summary Judgment Standard

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *See id.* at 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2727 (2d ed. 1983). The moving party may present its own evidence or, where the nonmoving party has the burden of proof, simply point out to the Court that "the nonmoving party has failed to make a sufficient

showing of an essential element of her case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party, and the entire record must be examined in the light most favorable to the nonmoving party. *See White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). Once the moving party has satisfied its initial burden, the burden shifts to the nonmoving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *See Liberty Lobby*, 477 U.S. at 256-57.

The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

## DISCUSSION

Plaintiff claims that his transfer to USP Lee was in retaliation for exercising his First Amendment right of access to petition the Government, *i.e.* the courts, for a redress of his grievances. Retaliation for the exercise of First Amendment rights is a constitutional violation, actionable under 42 U.S.C. § 1983. *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990).

In *Rauser v. Horn*, the Third Circuit Court of Appeals held that in order to prevail

on a retaliation claim, a prisoner must prove (1) that the conduct that led to the alleged retaliation was constitutionally protected, (2) that he suffered some "adverse action" at the hands of prison officials, and (3) that exercise of the constitutional right was a substantial or motivating factor in the challenged action.  241 F.3d 330, 333-34 (2001).  Once the prisoner has established a *prima facie* case of retaliation, the burden shifts to the defendant to prove by a preponderance of the evidence that it "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest."  *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (quoting *Rauser*, 241 F.3d at 334).

In their brief in support of summary judgment, Defendants claim that Plaintiff was transferred to USP Lee–along with dozens of other prisoners–to relieve overcrowding at USP Allenwood.[4]  They also contend that at the time of Underwood's transfer, USP Lee was a new institution accepting transferees from other institutions to increase their inmate population, and that Underwood was one of 57 inmates transferred from USP Allenwood to USP Lee to help grow their population.  Defendants argue that the BOP had a legitimate penological interest in transferring prisoners in order to relieve overcrowding, and that deference should be given to the BOP's discretion in such matters.  It is noteworthy, however, that the BOP approved Underwood's transfer, but only as a Code 318 transfer to increase the population at USP Lee.

The United States Supreme Court has made clear that decisions of prison

---

[4] Defendants' brief in support of their motion for summary judgment (Doc. 45-1) states that in order to relieve overcrowding at USP Allenwood, 40 inmates were transferred to other institutions in February of 2002, 68 inmates were transferred (25 to USP Lee) in March of 2002, 92 inmates were transferred (28 to USP Lee, including Underwood) in April of 2002, and 24 inmates were transferred (4 to USP Lee) in May of 2002.

administrators are entitled to great deference.  In crafting the appropriate standard of review for prisoners' constitutional claims, the Court observed that "[r]unning a prison is an inordinately difficult undertaking."  *Turner v. Safely*, 482 U.S. 78, 85 (1987).  Moreover, the Supreme Court noted that "courts are ill equipped to deal with the increasingly urgent problems of prison administration and reform."  *Id.* (citation omitted).  Thus, "[p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

  Magistrate Judge Smyser found that, despite the wide-ranging deference to be afforded prison officials in controlling their prison's population, Defendants failed to carry their burden of showing by a preponderance of the evidence that Plaintiff would have been recommended for transfer absent his constitutionally-protected conduct.  I agree with the Magistrate's determination that Plaintiff has established a *prima facie* case of retaliation by the named prison officials.  It is admitted that prisoners were transferred *into* USP Allenwood after Plaintiff was transferred to USP Lee.  Plaintiff has provided affidavits to support this claim from two prisoners who were housed with Plaintiff before he was transferred.  Prisoner John Houlihan declares that after Plaintiff was shipped to USP Lee, "over a hundred" inmates from Washington, DC were brought into USP Allenwood.  (Doc. 49.)  Further, prisoner James Cole declared that "approximately 250"

7

prisoners were transferred into USP Allenwood after Plaintiff was shipped out.[5] These declarations–coupled with Plaintiff's allegations of Defendants' comments reflecting a desire to transfer him–are sufficient to establish a *prima facie* case of retaliatory transfer. In so finding, the burden then shifts to the Defendants to show, by a preponderance of the evidence, that Plaintiff would have been transferred absent his constitutionally-protected conduct for reasons reasonably related to a legitimate penological interest, such as to reduce overcrowding. *See Rauser*, 241 F.3d at 334.

The Court likewise agrees with Magistrate Judge Smyser's determination that Defendants have failed to meet their burden of showing that Plaintiff would have been transferred absent exercise of his constitutional right of access to the courts. While paying mind to the high level of decision-making deference to be afforded to prison officials, the Court is bound by the legal standard applicable to summary judgment motions. In deciding a motion for summary judgment, the role of the Court is not to itself weigh the evidence and determine the truth of the matter, but simply to determine whether there is a genuine issue of fact for trial. *Liberty Lobby*, 477 U.S. at 249. Evidence indicating that prisoners were transferred out of USP Allenwood to reduce overcrowding, only to see a large number of prisoners subsequently brought *into* the prison, sufficiently weighs against Defendants' argument of a penological interest in reducing the inmate population to defeat whatever deference might otherwise be afforded such a decision.

---

[5] Defendants admit in their Objection to the October 19, 2006 R&R that a total of 40 inmates from the District of Columbia were transferred into USP Allenwood prior to Plaintiff being transferred out, and that another 100 DC inmates were transferred into USP Allenwood after that time. (Doc. 52-1 pp. 4-5.)

8

After examining the entire record in the light most favorable to Plaintiff, the Court finds that a genuine issue of material fact exists as to Defendants' motivation in effectuating Plaintiff's transfer from USP Allenwood to USP Lee.  Accordingly, Defendants' motion for summary judgment will be denied.

## CONCLUSION

For the reasons stated above, Magistrate Judge J. Andrew Smyser's Report and Recommendation will be adopted, and Defendants' motion for summary judgment will be denied.

An appropriate Order will follow.

January  16 , 2007                                             /s/ A. Richard Caputo
Date                                                                      A. Richard Caputo
                                                                               United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WILLIAM R. UNDERWOOD, | |
| Plaintiff, | NO. 3:04-CV-1624 |
| v. | (JUDGE CAPUTO) |
| JAKE MENDEZ and RICHARD MATLACK, | (MAGISTRATE JUDGE SMYSER) |
| Defendants. | |

**ORDER**

 **NOW**, this  16th  day of January, 2007, upon review of Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. 51), **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation (Doc. 51) is **ADOPTED**.

2. Defendants' motion for summary judgment (Doc. 44) is **DENIED**.

  /s/ A. Richard Caputo  
 A. Richard Caputo  
 United States District Judge